IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRIMAR SYSTEMS, INC., et al., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL NO. 6:15-CV-618-JRG-JDL |
| vs. | § | |
| | § | |
| ADTRAN, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion to Stay Pending *Inter Partes* Review (Doc. No. 457). Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company, LLC ("Chrimar") filed a response (Doc. No. 489), to which Defendants filed a reply (Doc. No. 497). Having considered the parties' arguments and for the reasons set forth below, Defendants' Motion to Stay (Doc. No. 457) is **DENIED**.

## BACKGROUND

On July 1, 2015, Chrimar filed its original complaint against Defendants alleging infringement of four of Chrimar's patents.[2] (6:15-cv-639, Doc No. 1.) On February 12, 2016, Dell filed its first petition for *Inter Partes* Review ("IPR") as to the '107 Patent with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), seeking cancellation of multiple claims pursuant to 35 U.S.C. § 311 and 37 C.F.R. §§ 42.1 *et seq.* (Doc. No. 457-2.) The final IPR petition as to the '838 Patent was filed on June 3, 2016. (Doc. No. 457-4.) In total, Dell filed four IPR petitions between February and June

---

[1] Moving Defendants are Dell Inc. ("Dell") and Aerohive Networks ("Aerohive") (collectively "Defendants").
[2] Chrimar alleges that each of the Defendants has infringed one or more of the following patents: (1) U.S. Patent No. 8,155,012 ("the '012 Patent"); (2) U.S. Patent No. 8,942,107 ("the '107 Patent"); (3) U.S. Patent No. 8,902,760 ("the '760 Patent"); and (4) U.S. Patent No. 9,019,838 ("the '838 Patent").

1

2016 to cancel claims in all four of Chrimar's asserted patents. (Doc. No. 457, at 3–4.) The PTAB is required to determine whether it will institute the first-filed IPR petition by August 18, 2016. (Doc. No. 489, at 4.) The PTAB will not be required to have decided whether to institute on the last filed petition as to the '838 Patent until December 9, 2016. *Id.* Assuming the PTAB waits until the deadline to institute the first-filed IPR petition, the PTAB must issue a final written decision on the first-filed IPR by August 18, 2017, within one year of the date the petition was instituted.[3] 35 U.S.C. § 316(a)(11). Defendants filed the instant motion on June 21, 2016, requesting a stay of all proceedings in this case until final resolution of the filed IPRs.

## LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks."). Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be

---

[3] However, pursuant to 35 U.S.C. § 316(a)(11), the PTAB could extend the one-year deadline by six months for good cause.

likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Comcast*, 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

## DISCUSSION

The Court has inherent discretion in deciding whether to grant a stay in patent litigation pending IPR. *See Ethicon*, 849 F.2d at 1426–27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.,* No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6–7 (D. Del. July 26, 2012).

**I.      Undue Prejudice to Plaintiff**

Defendants argue that Chrimar will not suffer undue prejudice if the Court grants a stay pending IPR because Chrimar does not sell products that compete with Defendants' products. (Doc. No. 457, at 6.)  Further, Defendants argue that Chrimar can be adequately compensated by money damages for any harm suffered during the PTAB proceedings, and therefore a stay is warranted.  (Doc. No. 457, at 7–8.)  Chrimar counters that the delay resulting from a stay would prejudice Chrimar by increasing the complexity of the litigation and adding additional costs. (Doc. No. 489, at 7.)  In addition, Chrimar points out that Dell and Aerohive are only two of ten defendants who have moved to stay this consolidated action. *Id.* at 6.

The fact that Chrimar does not sell products that compete with Dell and Aerohive would not preclude Chrimar from experiencing prejudice if the Court granted Defendants' motion to stay.  *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* No. 2:13-cv-213, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("The mere fact that [plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date.").  Chrimar has an interest in the timely and cost effective enforcement of its patent rights. *Ambato Media, LLC v. Clarion Co., Ltd,* No. 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* No. 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013).  Assuming the PTAB institutes the first-filed IPR petition by August 18, 2016, an IPR decision may not be issued until August 18, 2017.  35 U.S.C. § 316(a)(11).  Further, because the August 18, 2017 deadline could be extended by six months for good cause, a stay could delay this case well beyond the scheduled trial date of January 2, 2017. *Id.*  The delay could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit.  35 U.S.C. § 141(c).  Moreover, the earliest a

final decision would be made as to all of the patents-in-suit would be December 9, 2017. Such a lengthy delay will result in significant prejudice to Chrimar. In addition, this case will continue to proceed as to the remaining ten defendants who have not filed IPR petitions, regardless of the outcome of this motion. Therefore, a stay as to just Dell and Aerohive would effectively bifurcate this action, causing duplicative resources to be expended by the Court and the parties. As such, this factor weighs against a stay.[4]

## II. Simplification of the Issues

The PTAB has not yet instituted any of Defendants' petitions for IPR. (Doc. No. 498, at 6.) The Court is reluctant to grant a stay where none of the four IPR petitions on the patents-in-suit have yet been granted. *See Lennon Image Techs., LLC v. Lumondi, Inc.*, No. 2:13-cv-238, at 2–3 (E.D. Tex. Jan. 6, 2014). Because the PTAB has not granted any of the petitions, Defendants' assertion that the PTAB will invalidate the claims of the patent—and therefore simplify the issues—is purely speculative. (Doc. No. 457, at 9.) Accordingly, this factor weighs against a stay.

## III. Status of the Case

Defendants argue that a stay is warranted because this case is still in its early stages. (Doc. No 457, at 8.) Defendants incorrectly state that "the claims of the asserted patents have not yet been construed," (Doc. No. 457, at 2), when in fact the Court issued its claim construction opinion the day before Defendants filed the instant motion. (Doc. No. 454.)

---

[4] The parties also dispute whether Chrimar was willing to stay this action until December when the Court will have resolved the earlier-filed *Chrimar II* actions (6:15-cv-163; 6:15-cv-164) and all institution decisions on Dell's IPRs will have been made. (Doc. No. 497, at 2.) However, even if the parties had been able to agree on a stay, the primary benefit to the Court and the parties would be the full resolution of *Chrimar II*, not the institution decisions on Dell's IPR petitions. Regardless, this issue is not ripe before the Court and clearly was not ultimately agreed to by the parties. The Court finds the proposal of a stay by the parties to have little relevance to the outcome of this motion.

Moreover, fact discovery is about to close in this case on August 15, 2016, and the Court has already resolved numerous dispositive and procedural motions. (*See, e.g.,* Doc. No. 59.)

In addition, this action was filed against Defendants on July 1, 2015, and Dell has not explained why it waited over ***seven months*** to file the first IPR petition on the patents-in-suit. Indeed, "[t]he Court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination." *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015) (citing *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405, 2012 WL 5331227, at *2 (D. Minn. Oct. 29, 2012). In the instant case, Dell waited between seven and eleven months to file all of its IPR petitions, and further waited another two months from the filing of the last-filed IPR petition to file the current motion, demonstrating a lack of diligence. Dell has not provided an explanation for this undue delay. Given that this case has proceeded through claim construction and nearly completed discovery, and Dell has not explained its delay in filing, this factor weighs against a stay.

## CONCLUSION

On balance, the relevant factors in this case favor denying a stay. For these reasons, the Court **DENIES** Defendants' Motion to Stay (Doc. No. 457). Accordingly, this case shall proceed in accordance with the Amended Docket Control Order (Doc. No. 438).

So ORDERED and SIGNED this 29th day of July, 2016.

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE