# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **CHRIMAR SYSTEMS, INC., CHRIMAR HOLDING COMPANY, LLC,** | § § § | **CIVIL ACTION NO. 6:15-CV-00618-JRG** |
| **Plaintiffs,** | § § § | |
| **v.** | § § § | |
| **ADTRAN, INC., et al.** | § § § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiffs Chrimar Systems Inc. and Chrimar Holdings Company, LLC ("Chrimar") Motion to consolidate Defendants ADTRAN, Inc. (6:15-cv-618), Accton Technology Corporation (6:15-cv-616), Edgecore USA Corporation (6:15-cv-616), Costar Technologies, Inc. (6:15-cv-626), D–Link Systems, Inc. (6:15-cv-653), Dell, Inc. (6:15-cv-639), Aerohive Networks, Inc. (6:15-cv-639), Engenius Technologies, Inc. (6:15-cv-640), and TrendNet International, Inc. (6:15-cv-644) (collectively "Defendants") for a single trial. (Doc. No. 580.) Defendants have filed responses in opposition (Doc. Nos. 616, 618, 619, 620, 621, 622, 625, 627), to which Chrimar has filed a reply (Doc. No. 662), and Dell has filed a sur-reply (Doc. No. 668). For the reasons stated herein, Plaintiffs' Motion (Doc. No. 580) is **DENIED**.

## BACKGROUND

On July 1, 2015 and July 2, 2015, Plaintiffs filed the following actions against the following Defendants:

- ADTRAN, Inc. ("ADTRAN") (6:15-cv-618);

1

- Accton Technology Corporation ("Accton") and Edgecore USA Corporation ("Edgecore") (6:15-cv-616);

- Costar Technologies, Inc. ("Costar") (6:15-cv-626);

- D–Link Systems, Inc. ("D-Link") (6:15-cv-653);

- Dell, Inc. ("Dell") and Aerohive Networks, Inc. ("Aerohive") (6:15-cv-639);

- Engenius Technologies, Inc. ("Engenius") (6:15-cv-640);

- TrendNet International, Inc. ("TrendNet") (6:15-cv-644)

On October 28, 2015, the above-identified civil actions were consolidated (along with other civil actions) for pretrial purposes into the lead matter 6:15-cv-618. Plaintiffs now seek to consolidate all of these cases for a single trial.

## LEGAL STANDARD

Defendants may be joined in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). In the patent-infringement context, accused infringers may only be joined if the right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences relates "to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," and "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). Accused infringers may not be joined on the sole basis that they each have infringed the patents-in-suit. §299(b).  Moreover, claims against independent defendants may not be joined under Rule 20 "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC*

*Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).[1] That the accused products or processes of the defendants are similar is not enough. *Id.* Other relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id.* at 1359–60.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). In applying Rule 42, a court has considerable discretion. *In re EMC Corporation*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *see also Luera v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'").

## DISCUSSION

Chrimar seeks to consolidate Defendants for a single trial because all of Chrimar's claims are related to the same IEEE standard, all Defendants' accused products allegedly comply with the standard, some Defendants sell products sold by another Defendant, the accused products are all similar, some Defendants have overlapping subcomponents, the damages period for each Defendant is the same, Defendants share certain experts, and Defendants share overlapping defenses and counterclaims. (Doc. No. 580, at 2–3.) Defendants argues that joinder for trial is

---

[1]The *In re EMC* court made clear that it was addressing the joinder requirements under Rule 20, not those codified by the AIA. *See In re EMC*, 677 F.3d at 1360 n.4. However, this Court finds that the *In re EMC* analysis of what constitutes a common transaction or occurrence for the purpose of Rule 20 is persuasive regarding interpretation of common transactions or occurrences under AIA as well.

impermissible under § 299(a) and Chrimar cannot satisfy the joinder test to allow the Defendants to be consolidated for trial. *See, e.g.*, Doc. No. 620, at 3–8.

As an initial matter, the Court cannot find that consolidating Defendants for trial pursuant to Fed.R.Civ.P. 42 would not subvert the intent of § 299 if those Defendants consolidated for trial were not properly joined pursuant to § 299. In other words, in deciding whether Defendants should be consolidated for trial, the Court must first consider whether joinder of the Defendants would be appropriate pursuant to § 299.

Here, Chrimar's primary argument for joinder is based on the fact that it accuses all Defendants of infringement for complying with the same IEEE PoE standard. While the question of whether the claims of Chrimar's asserted patents read onto that standard would be uniform across the above-captioned cases, the question of whether Defendants' accused products comply with that standard will inevitably vary unless it can be said that Defendants share the same accused products. While Chrimar points to some alleged shared subcomponents, such as PoE controllers shared across certain Defendants, Chrimar does not point to any uniform thread across all Defendants that would warrant combining all seven cases for a single trial. Moreover, while Chrimar contends that Defendant Accton supplies accused products to Defendants ADTRAN, Aerohive, Edgecore, Dell, and Costar, Chrimar does not make clear the volume or significance of these products as it pertains to these actions. Accton contends the only overlapping accused products in the case against it are two products of one hundred and seventy that are shared with Costar. (Doc. No. 628, at 4.) Regardless, the thread once again does not connect all Defendants to provide a sufficient basis for consolidating all seven Defendants for a single trial. Ultimately, none of the similarities pointed to by Chrimar are sufficient to pass the transaction and occurrence test set forth in § 299(a). While there will be some overlap as to

4

certain defenses and witnesses, the actual questions of infringement and the amount of damages (both the appropriate royalty rate and base) are indisputably different among the Defendants. For these reasons, the Court finds that Chrimar has failed to show that joinder is proper under § 299. Moreover, the Court finds that the similarities pointed to by Chrimar do warrant any special circumstances to consolidate all the Defendants for a single trial under the Court's discretionary authority.

### CONCLUSION

For these reasons, Chrimar's Motion to Consolidate (Doc. No. 580) is **DENIED**. The first trial will proceed with jury selection on January 3, 2017 against Defendants Dell, Inc. ("Dell") and Aerohive Networks, Inc. ("Aerohive") (Cause No. 6:15-cv-639) before Judge Gilstrap at 211 W. Ferguson, Room 361, Tyler, Texas.

**So ORDERED and SIGNED this 22nd day of November, 2016.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

5