# Exhibit A

RESTRICTED—CONTAINS ATTORNEYS' EYES ONLY INFORMATION

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ADTRAN, Inc., *et al.*, <br><br> Defendants. | Case No. 6:15-cv-618-JRG-JDL <br><br> Lead Case <br><br> Patent Case <br><br> Jury Trial Demanded |

**REBUTTAL EXPERT REPORT OF JAMES T. GEIER**

registered a reading of "OL," indicating that there was an open circuit (*i.e.*, <u>no</u> path permitting energy transfer) between the pair of contacts.[96] Therefore, this testing established that the EAP9018FA does not contain a "path coupled across" or "loop formed over" as the Court has construed those terms, and under Dr. Madisetti's standard that the EAP9018FA is representative for his testing purposes, no other accused device for which the EAP9018FA is "representative" contains a "path coupled across" or "loop formed over."

132.   I also performed the same testing on PD products from the other Defendants that Dr. Madisetti tested as "representative." Specifically, I tested PD products from Accton (EAP9012A1 access point), ADTRAN (VVX 300 IP phone), Aerohive (AP130 access point), CoStar (CD12112PZ IP camera), D-Link (DAP-2553 rev. A access point, DAP-2553 rev. B access point, DCS-2310L camera), and EnGenius (EDS5250v2 IP camera, EAP300 access point, ECB600 access point). The results of my testing for each of these products indicated that there was an open circuit (*i.e.*, <u>no</u> path permitting energy transfer) between the pair of contacts.[97] Therefore, this testing established that these PD products do not contain a "path coupled across" or "loop formed over" as the Court has construed those terms, and under Dr. Madisetti's standard that these PD products were representative for his testing purposes, no other accused device for which these products are "representative" contains a "path coupled across" or "loop formed over."

133.   Dr. Madisetti has not provided any analysis or evidence to show that the accused "PD" devices contain a path permitting energy transfer or a round trip path.

134.   Instead, without analysis or explanation, Dr. Madisetti states that "[e]ach PD must include at least one path coupled across selected contact of the Ethernet connector."[98] He ignores that <mark>a path or loop does not exist until the application of</mark>

---

[96] *See* Exhibits H and I.
[97] The sole exception to these test results was with the Adtran 1200853G1 IP Phone. The phone port tested as an open circuit and the LAN port did not. The results are set forth Exhibit I.
[98] Madisetti report at ¶ 130 ('012 patent, element 31.2).

==sufficient voltage closes a switch creating that path.== Claim 31 of the '012 patent and claim 1 of the '107 patent are apparatus claims concerning only a piece of Ethernet data terminal equipment, with no system connections recited as limitations. Claim 1 of the '760 patent is also an apparatus claim that includes a piece of Ethernet terminal equipment, and although the claim recites a system, Dr. Madisetti's opinion of infringement does not rely on the BaseT Ethernet terminal equipment being physically connected to a piece of central BaseT Ethernet equipment and specifically fails to provide any evidence that such equipment is physically connected within his report.[99] Thus, as shipped, an accused product does not have a path coupled across selected contacts of the Ethernet connector or a loop formed over as required by the claim language.

135.    In his claim charts, Dr. Madisetti states that "[t]he various electrical paths exist in each Accused PD regardless of whether they are in use."[100] This is incorrect. ==As discussed above, the accused devices tested offer an open circuit—i.e., *no electrical path*—when the applied voltage is not within the appropriate range for detection and/or classification.== Thus, Dr. Madisetti's statement that the path exists whether or not it is in use is false. Dr. Madisetti has provided no evidence to show any use of any accused device in a manner that would provide a path or loop as claimed.

      **3.    No accused product meets the "at least one of the magnitudes of the DC current flow to convey information about the piece of Ethernet terminal equipment" requirement ('107 patent).**

136.    The asserted claims of the '107 patent require "wherein at least one of the magnitudes of the DC current flow to convey information about the piece of Ethernet terminal equipment."[101]

---

[99] Madisetti report at ¶¶ 220-222.
[100] Madisetti Report, Ex. J at 14.
[101] '107 patent at claim 1.