**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CHRIMAR SYSTEMS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 6:15-cv-618-JRG-JDL |
| ADTRAN, INC., *et. al.,* | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants ADTRAN, Inc., Accton Technology, Corp., EdgeCore USA Corp., D-Link Systems, Inc., and TRENDnet International Inc.'s (collectively "Defendants" or "remaining Defendants") Emergency Motion for Summary Judgment of Non-Infringement on Claims Tried in the Aerohive Trial and All Remaining Claims (Dkt. No. 788, "Mot."). Having carefully considered Defendants' arguments, the Court is persuaded that the doctrine of issue preclusion does not bar Chrimar's infringement claims against Defendants. Accordingly, Defendants' motion is denied.

**I.     BACKGROUND**

On or around July 1, 2015, Chrimar filed separate lawsuits against Defendants alleging that Defendants' products infringe patents relating to Power of Ethernet (PoE) technology.[1] The Court consolidated the cases for pre-trial purposes on October 28, 2015. That group of consolidated cases followed an earlier-filed pair of cases involving the same patents asserted against Alcatel-Lucent USA Inc., ALE USA Inc., and AMX, LLC. In those cases, ALE stipulated to infringement and the

---

[1] U.S. Patent Nos. 8,155,012; 8,902,760; 8,942,107; and 9,019,838.

1

remaining issues proceeded to trial in October 2016. The jury returned a verdict that Chrimar's patents were not invalid, that ALE had failed to prove its counterclaims, and that Chrimar was entitled to damages for ALE's infringement.

After the *ALE* trial, Chrimar moved to consolidate the remaining Defendants in the second group of cases into a single trial. *All* Defendants opposed consolidation for trial, strenuously contending that there were not sufficiently common issues to be tried. (Dkt. No. 620.) The Court denied Chrimar's Motion to Consolidate and found that there was no "uniform thread across all Defendants that would warrant combining all seven cases for a single trial." (Dkt. No. 681 at 4.)

However, upon learning that the jury in the most recent trial (*Chrimar v. Aerohive*) found on January 6, 2017, that Aerohive's products do not infringe the patents-in-suit, Defendants have amazingly reversed course 180 degrees, and now contend that the dissimilarity between their respective products is "immaterial" and that the *Aerohive* verdict disposed of the "identical issue" of infringement. (Mot. at 12.) Specifically, Defendants' contend that the doctrine of issue preclusion bars Chrimar's claims against the remaining Defendants because the *Aerohive* jury must have necessarily found that every possible implementation of the 802.3af/at standards does not infringe the patents-in-suit.

Chrimar responds that the *Aerohive* jury did not necessarily find that every implementation of the PoE standards infringes the asserted claims, and that the evidence presented at trial does not support application of the doctrine of issue preclusion.

## II. LEGAL STANDARDS

In patent infringement cases, regional circuit law governs the question of whether issue preclusion applies. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). Issue preclusion is an equitable doctrine that "prohibits a party

2

from seeking another determination of the litigated issue in the subsequent action." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014). Issue preclusion applies when (1) the identical issue was previously adjudicated; (2) the issue was fully and fairly litigated; (3) the determination of the issue was necessary to the resulting judgment; and (4) there must be no special circumstance that would render preclusion inappropriate or unfair. *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 1994).

### III. ANALYSIS

The thrust of Defendants' motion is that infringement in the *Aerohive* trial turned on a single issue that was necessarily resolved by the jury: whether the asserted claims of the patents-in-suit cover every possible implementation of the PoE standards. However, even a cursory review of the trial record reveals that evidence presented to the jury relating to infringement was not confined to this discreet theory. In fact, Aerohive's non-infringement positions, as set forth Mr. Geier, almost exclusively focused on the absence of claim elements in the accused *products*—not the standards.

For instance, when prompted to explain the basis for his non-infringement opinion, Mr. Geier testified that "not all the claim elements were found in the *product*." (Jan. 5, 2017 A.M. Trial Tr. At 31:3–6 (emphasis added).) On cross-examination, Mr. Geier conceded that the testing he performed to determine whether the Aerohive products infringe "didn't involve the standard," and that he "was actually testing the products." (*Id.* at 49:18–22.)

Aerohive's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(a) (Dkt. No. 777) further confirms this position. Indeed, Aerohive argued that no reasonable jury could find that the Aerohive infringes the '012 patent because the accused *products* do not contain the "distinguishing information" and a "path coupled across" elements. (*Id.* at 2.) Aerohive also argued

3

that the '107 and '838 patents could not be infringed as a matter of law because the "convey information" and "path coupled across" elements were absent from the accused *products*. (*Id.* at 2–3.) Finally, Aerohive contended that there is also no infringement of the '760 patent as a matter of law because the *products* lack the "path coupled across" element. (*Id.* at 3.)

These non-infringement arguments regarding the "path coupled across" elements are consistent with the testimony of Mr. Geier, who ran various electric multi-meter testing *on the accused products* to determine whether this element was present. He provided no meaningful analysis for the jury to conclude that the PoE standards did not contain a "path coupled across" requirement. If the jury found Mr. Geier's testimony credible, then it could have arrived at its verdict without considering the relationship between the asserted claims and the PoE standards. This forecloses any grant of summary judgment based on issue preclusion.

As Defendants concede, "a general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict." *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 7778 F.3d 1327, 1331 (Fed. Cir. 2015). Having reviewed the record, the particular basis on which the jury relied to find non-infringement is not sufficiently clear to the Court. It may be, as Defendants contend, that the jury found that the asserted claims do not cover any implementation of PoE standards. It may also be the case that the jury simply relied on Mr. Geier's expert testimony to conclude (without even considering the scope of the standards) that the accused Aerohive products lack necessary claim elements. It may even be true that the jury agreed with Mr. Geier that there was not sufficient evidence to establish that Aerohive's products comply with the PoE standards in the first place. (*See* Jan. 5, 2017 A.M. Trial Tr. At 49:15–17, 55:11–14.) This variety of possibilities prevents the application of issue preclusion.

4

The Court is not inclined to attempt to divine from this record the reason or reasons upon which the jury relied upon to answer the general verdict form as they did. The jury's verdict in the *Aerohive* case does not *necessarily establish* a finding that the asserted claims of the patents-in-suit do not cover any implementation of the PoE standards. Accordingly, Defendants have failed to persuade the Court that issue preclusion applies to Chrimar's remaining infringement claims, and summary judgment is not warranted.

## IV. CONCLUSION

For the foregoing reasons Defendants' Emergency Motion for Summary Judgment (Dkt. No. 788) is **DENIED**.

**So ORDERED and SIGNED this 13th day of January, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE